(No. 74-25—

ALLAN C. LARSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 20, 1976.*

NICHOLAS T. KITSOS, by RICHARD SERBER, of counsel, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; MARTIN A. SOLL, Assistant Attorney General, for Respondent.

BURKS, J.

This claim, sounding in tort, seeks compensation for damages to Claimant's automobile from a collision with a median strip on a State highway. In prior proceedings in this cause, the Court entered an order dismissing that part of Claimant's action that pertained to personal injuries. Therefore, the remaining issues considered here relate only to Claimant's alleged property damage.

Testimony was heard from two witnesses, Mr. Allan C. Larson, the Claimant, and Mr. Joseph J. Kostur, Regional Safety Claims Administrator for the State of Illinois, Department of Transportation. The evidence also includes Claimant's two exhibits and numerous exhibits of the Respondent, photographs of the median strip, Respondent's pavement marking records, and sign shop work orders of the Department of Transportation. The parties stipulated that the scene of the alleged accident was upon a State highway.

The incident occurred on April 18, 1972, at approximately 10:30 p.m., as the Claimant, Mr. Larson, was driving home from work in his 1968 Oldsmobile northbound on a 4-lane highway, Busse Road, just south of its intersection with Algonquin Road. The weather was clear, the road was dry, and it was dark. The nearest lights were 400 feet away from the scene of the accident. Mr. Larson testified that his car hit a median strip that he described as gray in color, ten inches high, two-and-one-half feet wide; and, that as a result of the collision his car slid across the top of the median and came to a stop. Claimant testified that the presence of the median was not signaled to him by warning signs, nor did he see any yellow stripe markings painted on the median. Claimant's car was towed from the scene and subsequently sold for $300.00.

Mr. Kostur testified that the Department of Transportation records indicated that the medians on Busse Road in this area had been marked with yellow paint and reflective glass beads by September 30, 1971, seven months prior to Claimant's accident. Mr. Kostur also stated that between Illinois routes 72 and 62 (Algonquin Road), there are a total of seven median islands on Busse, marked and painted the same as the median strip in question. Although Mr. Kostur testified that

Respondent's Exhibit 7 indicated that sign erection on the median was completed on June 18, 1971, he could not specify if any signs were later replaced or repaired. Claimant's photo exhibits, taken a week after the incident, show KEEP RIGHT and black and white warning signs in place. Upon viewing Claimant's Exhibit 1, Mr. Kostur testified that the paint was badly scraped and marred but, based on his experience, the paint used on the medians should last between a year and a year and a half.

In order for Claimant to recover the alleged property damage, he must prove by a preponderance of the evidence that he was free from contributory negligence; that the Respondent acted or failed to act in a manner amounting to negligence; and that the negligence of the Respondent was the proximate cause of said damage.

We find that the Claimant here has failed to prove by a preponderance of the evidence that he was free from contributory negligence. The photographs in evidence show that the median in question had sufficient paint marking to indicate its presence to a driver approaching it with due care and caution for his own safety. This conclusion is further warranted by the fact that a driver traveling north on Busse Road, as was Mr. Larson, would have passed similarly marked medians which would indicate the possibility of other such medians ahead.

Moreover, there is no evidence that the Respondent had any notice, actual or constructive, of a dangerous condition needing a remedy. In light of the fact that the medians in that area of Busse Road had been painted only seven months prior to the accident, Claimant has also failed to sustain his burden of proving negligence on the part of the Respondent.

Wherefore, the Court finds that this claim must be and is hereby denied.